US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

APR 04 2014

CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**CHRIS HUGHES and RACHAEL HUGHES**                    **PLAINTIFFS**

vs.                                No. 3:14-cv-3034

**RK EUREKA, LLC, d/b/a MOTEL 62;**                    **DEFENDANTS**
**KAWALJIT WALIA, Individually and as Officer or Director**
**of RK EUREKA, LLC; RUBY WALIA, Individually and as**
**Officer or Director of RK EUREKA, LLC**

## ORIGINAL COMPLAINT

COME NOW Plaintiffs Chris Hughes and Rachael Hughes ("Plaintiffs"), by and

through their attorneys Josh Sanford and Joshua West of Sanford Law Firm, PLLC, and

for their Original Complaint ("Complaint"), do hereby state and allege as follows:

### I.    PRELIMINARY STATEMENTS

1.    Plaintiffs Chris Hughes and Rachael Hughes bring this lawsuit against

Defendants RK EUREKA, LLC, d/b/a MOTEL 62; KAWALJIT WALIA, Individually and as

Officer and Director of RK EUREKA, LLC; RUBY WALIA, Individually and as Officer and

Director of RK EUREKA, LLC (collectively referred to herein as "Defendants"), for

violations of (1) the overtime and minimum wage provisions of the Fair Labor Standards

Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"), and (2) the overtime and minimum wage

provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201 *et seq.* (the

"AMWA").

2.    Plaintiffs seek a declaratory judgment; monetary damages; liquidated

damages; prejudgment interest; and civil penalties and costs, including reasonable

attorneys' fees, within the applicable statutory limitations period as a result of Defendants' failure to pay proper overtime compensation and minimum wages under the FLSA and the AMWA.

3.      Plaintiffs also seek punitive damages for Defendants' violations of the AMWA based on the principles found in the Civil Justice Reform Act, Ark. Code Ann. § 16-55-206.

## II.      JURISDICTION AND VENUE

4.      The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.      This Complaint also alleges AMWA violations that arise out of the same set of operative facts as the federal cause of action herein alleged; accordingly, this state cause of action would be expected to be tried with the federal claim in a single judicial proceeding.

6.      This Court has pendent jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

7.      The acts complained of herein were committed and had their principal effect against Plaintiffs within the Harrison Division of the Western District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

8.      Defendants employed Plaintiffs within the Harrison Division of the Western District of Arkansas, and Plaintiffs' allegations of failure to pay proper minimum wages and overtime arise out of their employment with Defendants within the Harrison Division of the Western District of Arkansas.

### III.    THE PARTIES

9.    Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

10.    Plaintiff Chris Hughes ("Chris") is presently a citizen and resident of Bowie County, Texas.

11.    Plaintiff Rachael Hughes ("Rachael") is presently a citizen and resident of Bowie County, Texas.

12.    Plaintiffs are former employees of Defendants.

13.    Plaintiffs worked as Hotel Managers at Motel 62 in Eureka Springs, Arkansas.

14.    Defendant employed Plaintiffs from Friday, September 13, 2013, until Tuesday, October 22, 2013 ("relevant time").

15.    Separate Defendant RK Eureka, LLC ("RK"), is an Arkansas, for-profit, limited liability company.

16.    Defendants own and operate Motel 62 in Eureka Springs, Arkansas.

17.    Separate Defendant Kawaljit Walia ("Kawaljit") is involved in the daily management of RK's business operations.

18.    Kawaljit holds an ownership interest in RK.

19.    Separate Defendant Ruby Walia ("Ruby") is involved in the daily management of RK's business operations.

20.    Ruby holds an ownership interest in RK.

21.    Kawaljit is RK's registered agent for service of process.

22.     Kawaljit receives service of process for RK at 3010 E Van Buren Eureka Springs, Arkansas 72632.

## IV.     FACTUAL ALLEGATIONS

23.     Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

24.     During the relevant time, Defendant continuously employed at least four employees, including Plaintiffs.

25.     During the relevant time, Defendant had employees who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for interstate commerce by any person.

26.     Defendants' annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated.

27.     Plaintiffs, in their position as Hotel Managers, handled or worked with goods, such as pens, paper, communication equipment, chairs, computers, and other office supplies and equipment that had been moved in interstate commerce.

28.     Upon hiring Plaintiffs, Defendants agreed to pay each individual Plaintiff a supposed salary of $375.00 every two weeks.

29.     During Plaintiffs' employment, Defendants paid each Plaintiff two checks of $375.00 each and one check for $173.08.

30.     In at least one workweek during the relevant time, each individual Plaintiff worked more than twenty-six hours.

31.     In at least one workweek during the relevant time, each individual Plaintiff worked more than thirty hours.

32.     In at least one workweek during the relevant time, each individual Plaintiff worked more than forty hours.

33.     When Plaintiffs worked more than forty hours in a workweek, Defendants did not pay either individual Plaintiff an overtime premium.

34.     In other words, Defendants did not pay either individual Plaintiff one and one-half times their regular rate for the hours that each individual Plaintiff worked over forty in a workweek.

## V.     LEGAL ALLEGATIONS AND CLAIMS FOR RELIEF

35.     Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

### A.     FLSA Overtime Violations

36.     29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty per week.  29 U.S.C.S. § 207 (LEXIS 2013).

37.     Defendants failed to pay each individual Plaintiff at a rate of one and one-half times their regular rate for all hours worked over forty (40) hours per week.

38.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for, and Plaintiffs seek, unpaid overtime wages, liquidated damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the FLSA.

**B.    FLSA Minimum Wage Violations**

39.    The FLSA requires employers to pay employees a minimum of $7.25 per hour. 29 U.S.C.S. § 206 (LEXIS 2013).

40.    In weeks during which each individual Plaintiff worked approximately twenty-six hours or more, Defendants failed to pay Plaintiffs the minimum wage as required by the FLSA.

41.    By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for, and Plaintiffs seek, unpaid minimum wages, liquidated damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the FLSA.

**C.    AMWA Overtime Violations**

42.    Arkansas Code Annotated § 11-4-211 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty per week.

43.    Defendants failed to pay each individual Plaintiff at a rate of one and one-half times their regular rate for all hours worked over forty (40) hours per week violation of the AMWA.

44.    By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for, and Plaintiffs seek, unpaid overtime wages, liquidated damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the AMWA.

## D.     AMWA Minimum Wage Violations

45.     The AMWA requires employers to pay employees a minimum wage of $6.25 per hour.  Ark. Code Ann. § 11-4-211 (LEXIS 2013).

46.     In weeks during which each individual Plaintiff worked approximately thirty hours or more, Defendants failed to pay Plaintiffs the minimum wage as required by the AMWA.

47.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for, and Plaintiffs seek, unpaid minimum wages, liquidated damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the AMWA.

## E.     Arkansas Civil Justice Reform Act—Punitive Damages

48.     Arkansas Code Annotated § 16-55-206 states that a plaintiff may be awarded punitive damages if the plaintiff shows that the "defendant knew or ought to have known, in light of the surrounding circumstances, that his or her conduct would naturally and probably result in injury or damage and that he or she continued the conduct with malice or in reckless disregard of the consequences." Ark. Code Ann. § 16-55-206 (LEXIS 2013).

49.     Defendants knew or ought to have known that the AMWA required Defendants to pay Plaintiffs an overtime premium for all hours that each individual Plaintiff worked over forty per workweek.

50.     Defendants are therefore liable to Plaintiffs for, and Plaintiffs seek, punitive damages in accordance with the Arkansas Civil Justice Reform Act, Ark. Code Ann. § 16-55-206, for Defendants' failure to pay overtime to Plaintiffs.

## VI.      PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Chris Hughes and Rachael Hughes respectfully pray that each Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A.      A declaratory judgment that Defendants' practices alleged herein violate the FLSA, the AMWA, and their relating regulations;

B.      Judgment for damages suffered by Plaintiffs for all unpaid overtime compensation and minimum wages under the FLSA, the AMWA, and their relating regulations;

C.      Judgment for liquidated damages owed to Plaintiffs pursuant to the FLSA, the AMWA, and their relating regulations;

D.      Judgment for any and all civil penalties to which Plaintiffs may be entitled;

E.      Judgment for punitive damages owed to Plaintiffs pursuant to the Arkansas Civil Justice Reform Act;

F.      An order directing Defendants to pay Plaintiffs prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

G.      Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**CHRIS HUGHES AND
RACHAEL HUGHES, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER,
650 S. SHACKLEFORD, SUITE 110
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

By:

Joshua West
Ark. Bar No. 2012121
west@sanfordlawfirm.com

and

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com